UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**CHERI WILKINS,**
    Plaintiff,

v.                                Case No. 4:21-cv-1368-CLM

**KOCH FOODS OF GADSDEN, LLC,** *et al.***,**
    Defendants.

## MEMORANDUM OPINION

Cheri Wilkins sued Koch Foods of Gadsden LLC ("Koch Foods"), Allied Universal Security ("Allied"), and Jeremy Harp (collectively, "Defendants"). (Doc. 11). The Defendants ask the court to dismiss all claims against them. (Doc. 13).

For the reasons stated within, the court will **GRANT** the Defendants' motion to dismiss. (Doc. 13). The court will **DISMISS** Wilkins' federal claims—Counts I and II—**with PREJUDICE**. The court will **DECLINE** to exercise supplemental jurisdiction over Wilkins' remaining state law claims. So the court will **DISMISS** Counts III, IV, VI, VII, and VIII **without PREJUDICE**.[1]

## FACTUAL ALLEGATIONS

Wilkins worked for Allied Universal as a security guard at Koch Foods. In April 2020, while Wilkins was working in the guard booth at the main gate, Jeremy Harp—a Koch Foods employee—approached the booth and looked at her in a "sexually suggestive manner" that made her feel uncomfortable. (Doc. 11, p. 4, ¶¶ 17–18). Harp asked another guard when Allied hired Wilkins. Later that day, Wilkins was transferred to another

---

[1] Wilkins' Amended Complaint does not contain a "Count V." To avoid confusion, the court will use the numbering that Wilkins used in her Amended Complaint.

1

gate that was "located at a dead end." (*Id.* ¶¶ 22–23). Richard Stevens—Wilkins' supervisor at Allied—was also stationed at this booth. About an hour after Wilkins arrived at this booth, Harp "pulled up to the guard booth, got out of the car, and walked into the booth." (*Id.* ¶ 24). Because Harp was not allowed in the booth, Stevens asked him what he was doing there. (*Id.* ¶ 25). Harp made small talk with Stevens until Stevens "received a call over the radio and left" without asking Harp to leave the booth or locking Wilkins in the booth alone. (*Id.* ¶¶ 26–29).

Wilkins told Harp he was not allowed in the booth and asked him to leave. Harp refused. Then Harp asked Wilkins if she drove a silver car. Wilkins again objected to Harp's presence in the booth. Rather than leaving, Harp "walked up to Wilkins, put his arm around her, . . . mashed his hand on her breast and said, 'It's not like I'm hitting on you.'" (*Id.* ¶ 32). Then, Wilkins pushed Harp "out of the guard booth, shut the door, and locked herself in." (*Id.* ¶ 34). Harp left when another guard came to the booth.

Immediately, Wilkins told the other guard about the incident. She then told Harp's supervisor and informed him that she intended to report the incident to Human Resources ("HR"). Harp's supervisor told her not to report the incident to HR, stating that he would "handle it." (*Id.* ¶ 38). Wilkins reported the incident to HR anyway. She also reported the incident to Simone Taylor, Wilkins' head supervisor. After Wilkins reported the incident to supervisors and to HR, "[n]o one from Koch Foods or Allied . . . or management ever called Wilkins back" to keep her apprised of the situation. (*Id.* ¶ 51).

Later, a Koch Foods employee told Wilkins that Harp previously "put his hands on another woman" and that Koch Foods gave Harp a written warning. (*Id.* ¶ 40). Wilkins did not return to work.

## STANDARD OF REVIEW

On a Rule 12 motion to dismiss, the court accepts the allegations in Wilkins' complaint as true and construes them in the light most favorable

to Wilkins. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). But the court need not accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The ultimate question is whether all of Wilkins' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Id.* at 678–79. If the facts as pleaded could entitle Wilkins to relief, then the court must deny the Defendants' motion to dismiss. If, however, the court accepts all of Wilkins' pleaded facts as true, and Wilkins still would not be entitled to relief, then the court must grant the motion.

## ANALYSIS

In her Amended Complaint, Wilkins makes seven claims: (Count I) Sexual Harassment-Hostile Work Environment; (Count II) Constructive Discharge; (Count III) Assault and Battery; (Count IV) Invasion of Privacy; (Count VI) Outrage; (Count VII) Negligent Supervision and Retention/Failure to Warn; and (Count VIII) Wanton Supervision and Retention/Failure to Warn. The Defendants ask the court to dismiss all claims against all Defendants with prejudice, asserting that Wilkins' Amended Complaint fails to state a claim for relief.

### I. The court will dismiss Wilkins' federal claims.

#### Count I: Sexual Harassment-Hostile Work Environment (Against Defendants Koch Foods and Allied)

Wilkins makes a Title VII Sexual Harassment-Hostile Work Environment Claim against Koch Foods and Allied, arguing that Koch Foods and Allied ratified Harp's conduct, thus creating a hostile work environment. (Doc. 11, pp. 8–9). "To prove a hostile-work-environment claim, a plaintiff must establish the following elements: (1) [s]he belongs to a protected group; (2) [s]he has been subjected to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) the harassment was based on the protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a

discriminatorily abusive working environment; and (5) a basis exists for holding the employer liable." *Stancombe v. New Process Steel LP*, 652 F. App'x 729, 733 (11th Cir. 2016) (citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (en banc)). The Defendants argue that Wilkins cannot meet the final two elements.[2] The court agrees.

### A. Wilkins failed to allege enough facts to show that sexual harassment was severe or pervasive.

The Defendants argue that Wilkins did not sufficiently allege that Harp's alleged conduct was severe or pervasive. To "[e]stablish[] that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment, . . . [t]he employee must 'subjectively perceive' the harassment as sufficiently severe and pervasive to alter the terms or conditions of employment, and this subjective perception must be objectively reasonable." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (citing *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–22 (1993)). The court finds that Wilkins asserted facts that would prove her subjective belief that the alleged harassment was so severe or pervasive that it altered her employment because she claims that she was "too terrified to return to the job and was unable to perform her job duties." (Doc. 11, p. 8, ¶56).

So the court turns to objective reasonableness. The question boils down to whether one incident of sexual harassment that involves touching is enough to satisfy the severe or pervasive element. The most on-point circuit decision seems to be an unpublished one from 2016: *Stancombe v. New Process Steel LP*, 652 F. App'x 729, 733 (11th Cir. 2016) (citation omitted)). In *Stancombe*, the Eleventh Circuit found that a coworker touching another coworker's buttocks and later making pelvic thrusts in his face was not so objectively offensive as to alter the conditions of the victim's employment. *Stancombe*, 652 F. App'x at 735. In making this determination, the Eleventh Circuit determined that the facts "do not

---

[2] Koch Foods also argues that it cannot be held liable because it did not employ Wilkins. (Doc. 13, p.5). The court needn't address this argument because it dismisses the claim on other grounds.

4

show a 'continuous barrage of sexual harassment,' or . . . any harassing conduct other than the two incidents." *Id.* (citing *Johnson v. Booker T. Washington Broadcasting Serv., Inc.*, 234 F.3d 501, 509 (11th Cir. 2000)). The court noted that when it "found evidence of a hostile working environment in relatively short time periods, the challenged conduct [was] far more frequent . . . ." *Id.* (citing *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1248 (11th Cir. 2004) (harassment occurred 18 times over two-and-a-half weeks); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002) (the plaintiff was called racially offensive names three to four times per day over a one-month period)).

Harp's alleged harassment against Wilkins occurred on one day. While Harp's alleged conduct was clearly inappropriate, the court finds that Wilkins did not allege a "pattern of harassment [or present] other supporting evidence of an abusive working environment." *Stancombe,* 652 Fed. Appx. at 736 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)). So if the court follows *Stancombe*, the court must find that Wilkins did not allege facts that meet the severe or pervasive standard.

The court says 'if it follows *Stancombe*' because the Eleventh Circuit recently reminded district courts that we "shouldn't simply cite to one of [the circuit's] unpublished opinions as the basis for its decision without separately determining that it is persuasive." *McNamara v. Gov't Employees Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022). So the court briefly compares the *Stancombe* analysis to recent published caselaw. The *Stancombe* panel concluded that "infrequent and isolated" events do not meet the severe or pervasive element by contrasting the published opinions in *Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999) (en banc) and *Johnson v. Booker T. Washington Broadcasting Serv., Inc.*, 234 F.3d 501, 509 (11th Cir. 2000). *Stancombe*, 652 Fed. App'x at 736. In an opinion published just last year, the Eleventh Circuit also contrasted *Mendoza* with *Johnson* to find that certain acts were "insufficiently severe or pervasive to alter the terms and conditions of [the plaintiff's] employment." *Tonkyro v. Secretary, Dep't of Veteran Affairs*, 995 F.2d 828,

5

837-39 (11th Cir. 2021). *Tonkyro* shows that the unpublished analysis in *Stancombe* is still persuasive and therefore must be followed.

―――

To sum up, the court finds that Wilkins pleads enough facts to show that she subjectively felt harassed. But based on Eleventh Circuit precedent, Wilkins did not plead enough facts to show that Harp's alleged conduct was severe or pervasive enough to alter the terms and conditions of Wilkins' employment. So the court must dismiss this claim.

### B. Wilkins failed to allege facts sufficient to suggest that Koch Foods or Allied could be liable for Harp's alleged conduct.

Wilkins claim must also be dismissed for another reason. Harp was Wilkins' co-worker, not her employer or supervisor. The Eleventh Circuit has held that employers can be liable for co-employee harassment in some—but not all—cases:

> Where the perpetrator of the harassment is merely a co-employee of the victim, the employer will be held directly liable if it knew or should have known of the harassing conduct but failed to take prompt remedial action. Thus, a victim of coworker harassment must show either actual knowledge on the part of the employer or conduct sufficiently severe and pervasive as to constitute constructive knowledge to the employer.

*Miller*, 277 F.3d at 1278 (citing *Breda v. Wolf Camera & Video,* 222 F.3d 886, 889 (11th Cir. 2000)).

Wilkins alleges that she reported the incident to both employers after it occurred. But Wilkins does not refute the Defendants' argument that she did not give Koch Foods or Allied time to investigate or take any remedial action in response to her alleged complaint. Instead, Wilkins asserts that when she learned from another Koch Foods employee that

6

Koch Foods did not immediately fire Harp, Wilkins did not return to work.[3] So the court finds that Wilkins does not allege enough facts to prove that Allied or Koch Foods failed to take prompt remedial action or that they engaged in intentional sex discrimination against her. *See Gomez v. City of Doral*, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022).

### Count II: Constructive Discharge
### (Against Defendants Koch Foods and Allied)

Wilkins makes a Title VII Constructive Discharge claim against Koch Foods and Allied, arguing that she was constructively discharged because Koch Foods and Allied failed to terminate Harp after she reported the incident to them. (Doc. 11, pp. 9–10). The United States Supreme Court stated, "Creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 149 (2004). The burden to prove a constructive discharge claim is much higher than the burden to prove a hostile work environment claim. *Craig v. Alabama Power Co.*, 2010 WL 11561855, (N.D. Ala. 2010) (citing *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009)). Because the court found that Wilkins did not allege facts sufficient to prove a hostile work environment claim, her constructive discharge claim necessarily fails.

## II. The court will not exercise supplemental jurisdiction over the state law claims.

As discussed above, the court will dismiss Wilkins' federal claims. That leaves Wilkins' state law claims. (Doc. 11, ¶¶ 65–85). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). So the court will dismiss the state law claims without prejudice. This court

---

[3] "Title VII does not invariably require termination or suspension as a response to harassment (even serious harassment)." *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 8 (1st Cir. 2011); *see also Green v. Franklin Nat. Bank*, 459 F.3d 903, 912 (8th Cir. 2006)); *Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir. 1992), *aff'd*, 511 U.S. 244 (1994).

takes no position on whether or how the Alabama courts should decide the remaining claims. This court simply holds that Wilkins has not pleaded a viable federal claim against Koch Foods or Allied.

## **CONCLUSION**

For the reasons listed above, the court will **GRANT** the Defendants' motion to dismiss on all counts. (Doc. 13). The court will **DISMISS with prejudice** Wilkins' federal claims and **DISMISS without prejudice** Wilkins' state law claims.

The court will enter a separate order that carries out this ruling.

**DONE** on May 31, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE